Edgar J. Nathan, Jr., J.
The actions herein seek an accounting and distribution of the reserves of the welfare and pension funds of defendant union. Plaintiffs are the successor union, its trustees of welfare and pension funds and individual members acting on behalf of themselves and others similarly situated.
Defendants move in each action for dismissal of the complaint pursuant to subdivision 4 of rule 106 and for other relief pursuant to rule 103 of the Rules of Civil Practice.
The claimed defect in each pleading is based solely upon the contention that it appears upon the face thereof that each plaintiff lacks capacity to sue. Apart from the fact that the claimed lack of capacity as to each plaintiff is not related to any disability, defendants ’ contentions are without merit. The plaintiff union is a proper party as having a proper interest in the enforcement of contracts which it has secured for its members. This includes the present trust funds established for its membership as well as the alleged claim to the reserves under the trust funds of defendant union.
The plaintiff trustees are proper parties in the enforcement and protection of its trust funds and the rights of its beneficiaries in the defendant trust funds and particularly the portion thereof to which they assert a right of transfer. The individual plaintiffs, now members of plaintiff union and beneficiaries of plaintiff’s trust fund and former beneficiaries of defendant’s trust fund, may maintain an action on behalf of themselves and for *218 other former members similarly situated. As such they constitute an appropriate class for a representative action.
The allegations relating to the expulsion of defendant union and resultant membership in plaintiff union and creation of plaintiff trust funds are not so remote or irrelevant as to be improper.
All motions are denied.